**Albert E. CINELLI, Plaintiff-Appellant,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION, Defendant-Appellee.**

**No. 84–1626.**

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 1986.

---

William H. Sanders, Sr., of Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo. (James M. Warden and Carol R. Gilham of Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., and John J. Bukaty, Jr., of Williamson & Cubbison, Kansas City, Kan., with him on briefs), for plaintiff-appellant.

Maurice J. O'Sullivan, Jr., of Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo. (Thomas J. Wheatley of Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., and John J. Jurcyk, Jr., of McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., with him on brief), for defendant-appellee.

Before BARRETT, MOORE and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an appeal from a judgment holding that a forfeiture clause in a contract of employment which became operative upon plaintiff's subsequent employment by defendant's competitor did not constitute an unreasonable restraint of trade under the Sherman Act. The court also held that defendant's postemployment revocation of awards to plaintiff did not result in a breach of this contract. We believe the trial court's analysis was correct, and we affirm.

Plaintiff Albert E. Cinelli was hired by American Home Products (AH) in 1967 to work in the latter's legal department. AH is a multibillion-dollar conglomerate engaged in manufacturing, selling, and distributing prescription drugs, packaged medicines, food products, household products, and housewares throughout this and other countries. Cinelli served as head of AH's international legal department until June 18, 1976, at which time he resigned. Ten days later, Cinelli went to work for Marion Laboratories (Marion), a firm which manufactures and sells pharmaceuticals.

While employed by AH, Cinelli became entitled to contingent stock awards to be distributed over a ten-year period after the termination of his employment with the company. The benefits were part of a "Management Incentive Plan," the germane portion of which (Part VI(4)(d) ) provided:

No payment of a Contingent Cash Award or delivery from a Contingent Award Account shall be made to any Employee after termination of employment unless he shall have to the date fixed for such payment or delivery (i) *refrained from becoming or serving as an officer, director or employee of any individual, partnership or corporation, or the owner of a business, or a member of a partnership which conducts a business in competition with the Company or renders a service* (including, without limitation, advertising agencies and business consultants) *to competitors with any portion of the business of the Company* I these conditions are not fulfilled, no further payment or delivery shall thereafter be made ... and all his rights with respect to his Contingent Award Account shall thereupon be forfeited.

(Emphasis added.) Plaintiff received contingent awards under an amendment to the plan while employed by AH; however, some seven months after he began working with Marion, he was disqualified from further participation. The basis for this determination was the conclusion by defendant's Incentive Compensation Committee (Committee) that a number of products marketed by Marion competed with AH products.

Plaintiff's three-count complaint was filed shortly after the revocation of his participation. He asserted violation of federal and state antitrust laws, as well as breach of contract. The antitrust counts were dismissed for failure to state a claim, and the breach of contract count was resolved against plaintiff on stipulated facts. In this appeal plaintiff seeks review only of the dismissal of the federal antitrust claims

and the denial of his motion for summary judgment on the contract claim.

## I.

Plaintiff argues the forfeiture clause in the deferred compensation plan unreasonably restrains trade in violation of the Sherman Act § 1, et seq., 15 U.S.C. § 1, et seq. by limiting and subjecting to substantial penalty his freedom as a lawyer to serve clients deemed by AH to be competitors. He contends the clause is unreasonable because it is unlimited in scope due to the vast number and variety of products sold by AH throughout the world and because there is no sufficient business justification for the clause.

In dismissing this claim, the district court correctly recognized the distinction between contract provisions which restrain competition and provisions which merely work a *forfeiture of an economic advantage*. Indeed, courts have consistently held that forfeitures similar to that present here do not violate federal antitrust laws because they do not prevent post-termination employment. *Golden v. Kentile Floors, Inc.*, 512 F.2d 838 (5th Cir.1975); *Rochester Corp. v. Rochester*, 450 F.2d 118 (4th Cir. 1971); *Austin v. House of Vision, Inc.*, 404 F.2d 401 (7th Cir.1968). This is particularly true when plaintiff's participation in the plan was voluntary and without financial contribution by him.

Plaintiff artfully seeks to avoid the implication of this rule. While tacitly recognizing that AH's forfeiture clause did not prevent him from seeking employment with an AH competitor, he argues the *effect* of the clause was a restraint on his freedom to choose an employer. He contends that the mere threat of an economic sanction results in an unreasonable and practical constraint on his ability to market his talent. In short, he attempts to blur, if not totally obliterate, the lines historically drawn between restrictions which actually seek to interdict post-termination employment and those which merely make such employment unpalatable. Despite the siren-like quality of these arguments, they are unsupported by authority and contrary to what we perceive to be the law. The district court properly concluded that under no set of circumstances could plaintiff have prevailed on this claim; therefore, it did not err in its dismissal.

## II.

Plaintiff argues the district court erred in granting judgment to defendant on the breach of contract claim and asserts that summary judgment should have been granted in his favor instead. The purported breach was the action of the Committee terminating plaintiff's awards on the ground that he had gone to work for a competitor as provided in Part VI(4)(d) of the plan. Plaintiff urges the Committee's determination was arbitrary as a matter of law.

The operative portion of Part VI(4)(d) provides that awards shall be terminated for anyone who becomes or serves as an "officer, director or employee of any ... corporation ... which conducts a business in competition with the Company or renders a service ... to competitors with any portion of the business of the Company." The district court examined the stipulated evidence and found:

> Marion Laboratories [plaintiff's new employer] is a pharmaceutical company. American Home Products is a huge conglomerate with many divisions and subsidiaries, manufacturing a large variety of products. It has some pharmaceutical divisions and subsidiaries. There are a few products of each company which can be said to be in direct competition. Although it appears to the court that there is little overall competition between the companies, we cannot say that there was no rational factual basis for the committee to decide that the companies were in competition.

Plaintiff now complains that this finding is erroneous because no product of Marion competes with any product of AH and because Marion is not in "overall" competition with AH. Plaintiff further maintains the language of Part VI(4)(d) provides two

different phrases relating to competition: (1) employment in a *business* in competition with AH, and (2) employment in an enterprise which renders *service* to a competitor of AH. On this basis, he asserts that phrase (1) requires the subsequent employer to be in overall competition with AH, and phrase (2) is less stringent and limited in scope. Upon this argument, he claims the trial court erred because, although AH relied upon phrase (1) in terminating plaintiff's awards, the two companies were not in overall competition. Accordingly, he postulates the Committee's determination was arbitrary as a matter of law.

The issue turns upon a further portion of the plan, Part III, which provides:

> The Plan shall be administered by the Committee which may make such determinations and take such action in connection with the Plan as it deems necessary, taking into consideration the recommendations of management. *Such determinations and action shall be binding and conclusive for all purposes and upon all persons.*

(Emphasis added.) Under New York law, which the parties agree applies here, the reservation of such discretionary authority is valid and binding upon all parties except to the extent the act of the administering body is arbitrary or lacking in rationality. *Gehrhardt v. General Motors Corporation,* 581 F.2d 7 (2d Cir.1978).

The trial court found the Committee had not acted arbitrarily, and the court did not accept plaintiff's proposed construction of Part VI(4)(d) of the plan. We believe the court correctly decided nothing within that part, including phrase (1) relied upon by plaintiff, can reasonably be read to mean a forfeiture occurred only if an AH employee accepted post-termination employment with an entity in total competition with AH. Indeed, considering the breadth of AH's business, it stretches credulity to even suppose such a requirement could possibly have been intended. The construction contended by plaintiff would require the new employing entity to virtually duplicate the AH product line before the new

entity could be considered a "competitor" under Part VI(4)(d). It therefore is patent to us the trial court's conclusion that the Committee acted rationally and without arbitrariness is not contrary to law.

In addition, the trial court's analysis of the testimony leading to the conclusion set forth above on the factual aspects of the subject of competition between AH and Marion is supported by the evidence. After reviewing the factors considered by the Committee in reaching its conclusion that Marion was in competition with AH, and after comparing the treatment of other former AH employees to the treatment of Mr. Cinelli, the court found no indication the committee acted in bad faith or without identifiable standards. As noted by the trial judge: "When, as here, there are relevant facts and contractual provisions tending to support the committee's conclusion, the court simply cannot substitute its judgment for that of the committee." We agree. Accordingly, the judgment of the trial court is affirmed.