**Norton SARNOFF, and Carl Fletcher, Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORP., a Delaware corporation, Defendant.**

**No. 83 C 0647.**

United States District Court, N.D. Illinois, E.D.

June 29, 1987.

Robert K. Blain, Lionel G. Gross, Altheimer & Gray, Chicago, Ill., for plaintiffs.

Lewis Perkiss, Kenneth J. Petrine, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiff Norton Sarnoff brought this action against defendant American Home Products Corporation seeking to recover a contingent stock award allegedly due him through his participation in a Management Incentive Plan ("the Plan") while employed by E–Z Por, a subsidiary of defendant. Defendant disqualified plaintiff from receiving his award on the basis that plaintiff had entered into a business in competition with defendant after leaving defendant's employ, in violation of a covenant not to compete.

The Plan is administered by an Incentive Compensation Committee ("Committee"), which is composed of at least three outside

directors. The Committee determines who is eligible to receive an award under the Plan, taking into consideration the recommendation of defendant's management. The forfeiture provision of the Plan according to which plaintiff was found disqualified provides, in pertinent part:

> (d) No payment of a Contingent Cash Award or delivery from a Contingent Award Account shall be made to any Employee after termination of employment unless he shall have to the date fixed for such payment or delivery (i) refrained from becoming or serving as an officer, director or employee of any individual, partnership or corporation, or the owner of a business, or a member of a partnership which conducts a business in competition with the Company, or renders a service (including, without limitation, advertising agencies and business consultants) to competitors with any portion of the business of the Company, . . . .

E–Z Por was in the business of producing and selling aluminum cookware items. Plaintiff was notified on January 29, 1981 that he had been awarded 600 shares of defendant's stock for the year 1980. Pursuant to the terms of the Plan, the stock was placed in an account to be held until plaintiff terminated his employment. On January 31, 1981, plaintiff resigned from his job and formed a new corporation, Ensar Corporation, which is in the business of selling and distributing various household items. In 1982, plaintiff received a routine questionnaire from defendant regarding his employment and business activities since his departure from E–Z Por. Plaintiff completed and sent the questionnaire together with an Ensar product list that included certain items distributed by defendant—including bottle and can openers, chain door guards, clothes hooks, a toilet tissue roller, soap dish and pop stoppers. Defendant's treasurer reviewed the product list and concluded that plaintiff's bottle and can openers competed with those of defendant's Ecko Housewares division. The information was also reviewed by defendant's attorney, vice president for fi-

nance, president and chairman. All agreed that a recommendation be made to the Committee that plaintiff be disqualified from his award because of competition, as provided in the Plan.

The Committee adopted the recommendation of management and voted to disqualify plaintiff. In addition to the recommendation, the Committee also had before it plaintiff's completed questionnaire and product list, the review forms prepared by defendant's treasurer and attorney, and another document containing information about all former employees who had received awards under the Plan. In determining to disqualify plaintiff, the Committee interpreted the Plan's forfeiture provision in accordance with a longstanding policy that competition with just one product was sufficient for disqualification.

This court previously granted summary judgment in favor of plaintiff on the basis that the restrictive covenant he signed was unenforceable, but the Seventh Circuit reversed, 798 F.2d 1075 (7th Cir.1986), held that the case was governed by New York law, and remanded for a determination of the question whether the Committee acted unreasonably in finding that Ensar was competing with defendant. Plaintiff has now filed a motion for summary judgment directed to this issue.

### DISCUSSION

The Plan provides that the determinations and action of the Committee are to be binding and conclusive for all purposes. As the Seventh Circuit stated in the decision on appeal in this case, judicial review of a committee, as of an arbitrator, particularly under New York law, is extremely limited. *Sarnoff v. American Home Products*, 798 F.2d 1075 (7th Cir.1986). *See also Gehrhardt v. General Motors Corp.*, 581 F.2d 7, 11 (2d Cir.1978); *Cinelli v. American Home Products Corp.*, 785 F.2d 264, 267 (10th Cir.1986) (applying New York law). Under New York law, the decision of a committee can be set aside only if the plaintiff can establish that the decision was the result of bad faith, fraud, or arbitrary action. *Gehrhardt, supra* at 11. To

establish that the decision was arbitrary, the plaintiff must show either the absence of any rational factual basis for the decision, or that the decision was made without reference to the relevant facts and contractual provisions. *Id.* at 12. Bad faith may be established "by direct evidence, such as evidence of unreasonable requirements, refusal to consider favorable information, or the use of standards more strict than those applied to others similarly situated," or by inference "from an adverse decision which has no basis in fact." *Marsh v. Greyhound Lines, Inc.,* 488 F.2d 278, 280 (5th Cir.1974).

■ In this case, Ensar's total gross sales of bottle and can openers in 1981 amounted to just $1,077.88. Defendant's 1981 sales, on the other hand, amounted to $4,131,237.00, and sales of its Ecko Housewares division totalled $116,000.00. Plaintiff argues that, given the relative sizes of the companies and the small portion of the products that can be said to be in direct competition, Ensar cannot fairly be said to be in competition with defendant. Plaintiff relies on *Parenti v. Wytmar,* 49 Ill.App.3d 860, 7 Ill.Dec. 618, 364 N.E.2d 909 (1977), where the court stated that competition sufficient to justify a forfeiture of rights under a profit-sharing plan must be shown "clearly and unequivocally," and must unambiguously deprive the employer of business that it would have received in the absence of such competition. *Id.* at 869, 7 Ill.Dec. 618, 364 N.E.2d 909. *Parenti* is not controlling here, however, because it arose under Illinois law. Under New York law, which the Seventh Circuit has already held applies in this case, the role of the court is much more sharply limited. The question under New York Law is not the scope or degree of the competition, or even whether competition actually existed, but rather only whether the Committee's decision that competition existed was the result of fraud, bad faith, or arbitrary action. *Gehrhardt, supra* at 11; *Cinelli, supra* at 267. Although the competition between Ensar and defendant was minimal, this court cannot substitute its judgment for that of the Committee. The Committee could properly have taken into account, for example, that 1981 was Ensar's first year of operation, and that a certain amount of lead time is generally required by a company before significant sales and revenues are generated. In any event, the Plan's forfeiture provision is addressed to competition *per se,* and does not require a specified grade or quantum of competition.

Plaintiff attempts artificially to dissect the language of the forfeiture provision, claiming a distinction between providing a service to a competitor of defendant (where the competition to disqualify an employee need be only with a *portion* of the business of defendant), and working for a competitor (where the competition must be a business in competition with defendant). However, this same strained construction of an identical forfeiture provision was expressly rejected in *Cinelli, supra* at 267. In *Cinelli,* the court upheld the decision of a management committee to void a benefit award despite the fact that little overall competition existed between the two companies. In this case, similarly, while it appears that the competition between Ensar and defendant was by no means extensive, this court cannot conclude that the Committee was without a reasonable factual basis for its determination. *Gehrhardt, supra* at 11.

■ Plaintiff also contends that defendant is estopped from enforcing the Plan's forfeiture provision because defendant was aware as early as July of 1981 that plaintiff was in competition with it but failed to advise plaintiff of its position until the time came to pay out the stock award. In addition, plaintiff complains of defendant's failure to conduct any additional investigation into the extent of the competition beyond reviewing Ensar's product list. However, plaintiff has not shown how it detrimentally relied on defendant's conduct, or presented any reason why additional investigation was in fact required. Plaintiff also argues that defendant is estopped from now citing the existence of competing products other than bottle and can openers (e.g., chain door guards, clothes hooks, the toilet tissue roller, soap dish and pop stoppers). However, defendant does not, in

fact, rest its argument that the Committee acted reasonably in finding plaintiff to be in competition on the existence of these additional products. Defendant admits that the Committee only specifically considered bottle and can openers in making its determination, and, as previously discussed, the Committee's finding that Ensar was in competition with defendant could properly be based solely on the minimal degree of competition in bottle and can openers.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied and summary judgment is granted for defendant. The clerk will enter judgment in favor of defendant and against plaintiff dismissing this case on the merits with prejudice and with costs to defendant.