## MISSOURI STATE LIFE INSURANCE CO. ET AL. v. JONES, ADMINISTRATOR.

No. 16. Argued November 8, 1933.—Decided December 4, 1933.

Mr. *Allen May,* with whom *Messrs. Paul B. Cromelin, Bolitha J. Laws,* and *A. F. House* were on the brief, for petitioners.

Mr. *Tom Poe,* with whom Mr. *Sam T. Poe* was on the brief, for respondent.

Mr. JUSTICE McREYNOLDS delivered the opinion of the Court.

In a removal proceeding based upon diversity of citizenship, is it proper to treat attorneys' fees imposed by the Arkansas statute and claimed by the plaintiff, as part of the sum necessary for jurisdiction in the federal court?

Section 41, 28 U.S.C. (Jud. Code, § 24) confers original jurisdiction upon District Courts of the United States of suits of a civil nature between citizens of different States "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." And § 71, 28 U.S.C. (Jud. Code, § 28) provides for removing suits of which District Courts are given original jurisdiction.

Section 6155, Crawford & Moses' Digest, Statutes of Arkansas—

"In all cases where loss occurs, and the fire, life, health, or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve per cent. damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorneys' fee to be taxed by the court where the same is heard on original action, by appeal or otherwise and to be taxed up

as a part of the costs therein and collected as other costs are or may be by law collected.  Act March 29, 1905, p. 307."

Seeking to recover upon two insurance policies, respondent Johnson, a citizen of Arkansas, sued the petitioner, a Missouri corporation, in the Hot Springs Circuit Court. He asked judgment for $3,000, total of the policies, " together with a reasonable attorney's fee for his attorneys herein and for all of his costs herein expended."

By proper proceeding the defendant company asked removal of the cause to the United States District Court. It alleged a reasonable attorney's fee would amount to $250.00 and that the matter in controversy exceeded $3,000, exclusive of interest and costs.  Removal was denied.  Judgment went in favor of Johnson for $3,000; also the court further found and adjudged " that the plaintiff is entitled to an attorney's fee of $550, and the same is hereby assessed and taxed as a part of the costs in this case."  Upon appeal the Supreme Court affirmed the judgment.  Among other things, it said [pp. 522, 523]:

"Appellant contends for a reversal of the judgment upon the ground that the trial court erred in denying its petition for removal of the cause to the Federal Court. It is argued that to include an attorney's fee in the amount sued for exceeds $3,000, interest and costs, and in amount makes the cause a removable one under the Federal Removal Statute (28 U.S.C.A. 41, 71).  This court has ruled otherwise in the case of *Mutual Life Ins. Co.* v. *Marsh*, 185 Ark. 333, 47 S.W. (2d) 585.  In the case referred to, it was ruled that an attorney's fee in cases of this nature must be taxed as costs in compliance with the express terms of § 6135 of Crawford & Moses' Digest."

In Marsh's Case, judgment was sought upon an insurance policy for $3,000, together with 12% penalty and attorneys' fees.  The trial court denied a petition for removal.  The Supreme Court disapproved, and said:

" He sues for $3,000 and 12 per cent. damages and attorney's fees. Section 6155, *supra,* provides that the attorney's fees shall be taxed as costs, but it does not provide that the 12 per cent. penalty shall be taxed as costs. Therefore the amount in controversy was $3,360." Evidently, the court concluded because the state statute directed that attorneys' fees should be treated as costs, they were costs within the removal statute. Also, that the prescribed damages were not costs since not so declared.

But this view was rejected here in *Sioux County* v. *National Surety Co.,* 276 U.S. 238, 241. We there held that a statute which allowed attorneys' fees to be taxed as part of the costs created a liability enforceable by proper judgment in a federal court; that the mere declaration of the state statute could not alter the true nature of the obligation.

In the state court the present respondent sought to enforce the liability imposed by statute for his benefit—to collect something to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere " costs " excluded from the reckoning by the jurisdictional and removal statutes.

The challenged judgment must be

*Reversed.*