**CRESCENT LUMBER & SHINGLE COMPANY, Appellant,**

v.

**J. C. ROTHERUM and R. W. Anders, jointly and severally, as individuals and as partners in the firm of J. C. Rotherum Lumber Company, a partnership, Appellees.**

**No. 14994.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1955.

Wm. Madden Hill, Dallas, Tex., Ungerman, Hill & Ungerman, Dallas, Tex., for appellant.

No appearance for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

PER CURIAM.

Appellant, a Washington corporation, sued defendants, resident citizens of Texas, upon a sworn account[1] for materials (lumber) furnished in the amount of $2,767.45, and $500 alleged to be reasonable attorney's fees. The trial court dis-

1. Under Rule 185, Texas Rules of Civil Procedure, formerly Art. 3736, Vernon's Texas Civil Statutes.

missed the complaint for want of jurisdiction, on the theory that the attorney's fees were not recoverable, and therefore the amount in controversy did not exceed $3,000, exclusive of interest and costs. This was error.

Article 2226, Vernon's Civil Statutes, as amended Acts 1953, 53rd Leg., p. 101, ch. 67, § 1, clearly provides for recovery of reasonable attorney's fees, in addition to the claim and costs, on valid claims for, among other things, materials furnished, or suits founded upon a sworn account or accounts.[2] This right to reasonable attorney's fees, in addition to the claim and costs, is a liability properly enforceable in a federal court, to be included in determining the amount in controversy. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267.

Reversed.

---

2. As originally enacted the amount of attorney's fees was limited to $20 but this limitation was removed by amendment in 1949. The 1953 amendment added "or suits founded upon a sworn account or accounts."