**308**

**CATALOGUE DIRECT SALES, Inc., a Corporation, Plaintiff,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, a Corporation, Defendant.**

No. 58 C 211(3).

United States District Court
E. D. Missouri, E. D.
June 27, 1958.

Gerald Cohen, St. Louis, Mo., for plaintiff.

Karl P. Spencer, Spencer & Duncan, St. Louis, Mo., for defendant.

WEBER, District Judge.

Plaintiff originally filed its suit in the Circuit Court of the City of St. Louis, in which it sought to recover $2,995 upon an insurance policy issued by defendant for loss of merchandise sustained by plaintiff while said merchandise was in transit in the United States Mail.

The defendant filed a Motion for More Definite Statement which was sustained by the state court, and the plaintiff then filed an Amended Petition. In the Amended Petition plaintiff set out its allegations more specifically and added a paragraph in which it alleged that the defendant vexatiously refused to pay. In the prayer of its Amended Petition plaintiff asked for $2,995 "plus a reasonable attorney's fee and penalty provided for by statutes for vexatious refusal to pay a claim of insurance."

The defendant then removed the cause to this Court and the matter is now before this Court upon plaintiff's Motion to Remand upon the grounds that the amount in controversy is below the minimum required for jurisdiction.

Plaintiff's Motion to Remand is not well founded. The prayer in the original Petition was for less than the jurisdictional amount, but when plaintiff amended its Petition the prayer was changed to include, in addition to the amount sued for, reasonable attorney's fee and the penalty provided by law for vexatious refusal to pay.

The State of Missouri has a statute which provides for damages in addition to the claim.[1]

---

1. § 375.420, V.A.M.S.: "In any action against an insurance company to recover the amount of any loss under a policy of fire, cyclone, lightning, life, health, accident, employees' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance, if it appears from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed ten per cent on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict."

Title 28, Section 1332, U.S.C.A., provides that the district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $3,000 exclusive of interests and costs".

In the case of Missouri State Life Insurance Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267, the Supreme Court of the United States held the amount of an attorney's fee for services in the case should be added to the principal sum sued for in determining the amount in controversy. It was also held therein that a state statute that attorneys' fees shall be taxed and collected as costs does not make it costs within the meaning of the federal act. 290 U.S. loc. cit. 202, 54 S.Ct. loc. cit. 133.

The Eighth Circuit Court of Appeals in the case of American United Life Insurance Co. of Indianapolis, Ind. v. Franklin, 97 F.2d 76, recognizes, in a case involving the penalty statute against insurance companies in the State of Arkansas, that the penalty provided by the statute is considered as part of the controversy when pleaded and prayed for. In that case the Eighth Circuit refused jurisdiction but did so after having figured the penalty and after determining that including the penalty the jurisdictional amount had not been met.

In Prudential Insurance Co. of America v. Carlson, 126 F.2d 607, loc. cit. 611, the Tenth Circuit citing Missouri State Life Insurance Co. v. Jones, supra, said, "such fees are put in controversy in the suit and are a part of the substantive right."

The Missouri statute provides for a ten per cent penalty and reasonable attorneys' fees. Therefore, the plaintiff could recover up to $299.50 as a penalty. The plaintiff could also recover a reasonable attorney's fee and while there is nothing in this record to indicate what a reasonable attorney's fee would be, the Court would take judicial notice of the fact that it would be such an amount as would bring the $2,995 sued for above the amount of $3,000. Therefore, the penalty and the reasonable attorney's fee bring the matter in controversy above $3,000.

This Court, therefore, holds that the prayer to invoke a statutory penalty and attorney's fee for vexatious refusal to pay an insurance claim, puts that issue in controversy and adds such amounts as can be statutorily and reasonably calculated to the sum in controversy, for the purpose of determining jurisdiction. When that addition projects the amount beyond $3,000 and diversity exists, the Court has jurisdiction.

An Order will be prepared overruling the Motion to Remand.