**CORDERO, MIRANDA & PINTO, Plaintiff,**

v.

**Charles E. WINN, et al., Defendants.**

**Civ. No. 89–675 HL.**

United States District Court,
D. Puerto Rico.

Sept. 15, 1989.

Dario Rivera Carrasquillo, San Juan, P.R., for plaintiff.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, Cordero, Miranda & Pinto, a Puerto Rico law firm, is suing their out of state clients, Charles E. Winn and Packaging & Engineering Corp., Inc., for failure to pay $8,000 in attorney's fees, costs, disbursements and expenses incurred by the law firm in defending these defendants in a federal civil action. Plaintiff also claims that it is entitled to $5,000 for expenses and attorney's fees that will be incurred in collecting the $8,000 originally owed. Plaintiff asserts jurisdiction under diversity of citizenship. Plaintiff moves the Court for permission to serve summons by publi-

cation. We deny plaintiff's motion for service by publication because this action must be dismissed for failure to satisfy the jurisdictional required amount for diversity jurisdiction.

 Jurisdictional issues may be raised at any time by any party and by the Court on its own motion. *See Coggeshall Development Corp. v. Diamond,* 884 F.2d 1 (1st Cir.1989). This complaint was filed on May 17, 1989, the day before the required amount in controversy for diversity jurisdiction was increased from $10,000 to $50,-000.[1] Hence, for diversity to exist in this action the matter in controversy must exceed "the sum or value of $10,000.00 exclusive of interest and costs ..." 28 U.S.C. § 1332. Plaintiff claims that it is entitled to both $8,000 for defendants' breach of the professional services contract and $5,000 for expenses that will be incurred in prosecuting the present action, for a total of $13,000.

 The dispositive issue is whether the $5,000 claim for attorney's fees may be considered in determining if the complaint has met the jurisdictional amount. It is axiomatic that attorney's fees are not to be included in calculating jurisdictional amount unless authorized by statute or contract, or other legal authority. Plaintiff has failed to allege in the complaint that it is entitled to $5,000 in attorney's fees under statute or contract. *See, e.g., Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Sarnoff v. American Home Prods. Corp.,* 798 F.2d 1075 (7th Cir.1986), *on remand,* 666 F.Supp. 137 (D.C.Ill.1987); *Clark v. National Travelers Life Ins. Co.,* 518 F.2d 1167 (6th Cir.1975); *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531 (8th Cir. 1970); *Hall v. Travelers Ins. Co.,* 691 F.Supp. 1406 (D.C.Ga.1988); *Iowa Mutual Ins. Co. v. Davis,* 689 F.Supp. 1028 (D.C. Mont.1988). *See generally,* 1 Fed.Proc., L.Ed. § 1:502 at 328 (1981) (the cases cited therein); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* sec. 3712 at 176 (1985) (the cases cited

therein). This Court cannot, therefore, consider as costs the $5,000 attorney's fees that will be incurred in litigating this action in determining jurisdictional amount in controversy. Hence, plaintiff's claim for $8,000 falls short of the required amount of at least $10,000.

WHEREFORE, this action is dismissed without prejudice for want of subject matter jurisdiction.

IT IS SO ORDERED.

---

1. Pub.L. 100–702, Title II, § 201, Nov. 19, 1988, 102 Stat. 4646 (raising jurisdictional amount

from $10,000 to $50,000 in all actions filed on or after May 18, 1989).