Lawrence **HAMMER**

v.

**Simone NIKOL and Walt Keyser, Inc. and T/A Walnicks Collision Service and Walnicks Collision Co. and Walnicks Auto Service, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.
Decided May 22, 1995.

Sidney E. Herold, Philadelphia, for appellants.

Paul N. Sandler, Philadelphia, for appellees.

Before McGINLEY and SCHULTZ NEWMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Simone Nikol and Walt Keyser, t/a Walnicks Collision Service, Walnicks Collision Co. and Walnicks Auto Service (Walnicks), appeal an order of the Court of Common Pleas of Philadelphia County denying their motion for post-trial relief and entering judgment in favor of Lawrence Hammer (Hammer). We affirm.

Hammer was involved in an automobile accident in the City of Philadelphia on November 2, 1991. A tow truck operator on the scene of the accident, employed by Walnicks, advised Hammer that he would tow Hammer's car to Walnicks' garage. The operator then drove Hammer home. At Hammer's house, the operator asked Hammer to sign two documents—a towing agreement and an "internal" form which stated, in part: "A 15% charge will apply to all estimated and/or unrepaired autos." (Trial Exhibits P-3 and P-4.) The operator also provided Hammer with a brochure stating that Hammer could have his car repaired at the shop of his choice. (Trial Exhibit P-3; N.T., pp. 5-6) Three days later, Hammer contacted Walnicks and advised them that he wanted his car repaired at another shop. (N.T., p. 10.) When he went to Walnicks' garage to pick up his car, Hammer was told that he would have to pay $850 before his car would be released, including a $125 towing charge, a $240 storage fee, a $35 processing fee and a 15% "penalty for contract."[1] Hammer paid the $850 so that his car would be released and later asked for a refund, objecting to the 15% penalty, the amount of storage fees and to the processing fee.

When Walnicks refused to refund the money, Hammer filed suit in the trial court, alleging violations of the Philadelphia Towing Ordinance (Ordinance)[2] and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (CPL).[3] Specifically, Hammer contended that Walnicks violated the Ordinance by not posting the towing charges nor including a fee schedule on the towing

---

1. The full amount of Hammer's bill was actually $969.92. The amount was compromised for the cash payment of $850.00. (*See* trial Exhibit P-5 and N.T., p. 22.)

2. The Philadelphia Code 9-605 (1956).

3. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. § 201-1—201-9.2.

agreement, and by charging him for a repair estimate and soliciting a repair order prior to the car being moved to the shop at which it would be repaired. Hammer also contends that Walnicks' conduct created an unfair method of competition and constituted unfair and deceptive acts and practices in violation of the CPL.

The case was heard by an arbitration panel, which entered an award in favor of Hammer in the amount of $3,835, including attorney's fees and costs. Walnicks appealed, and following a trial de novo, at which Hammer presented the only testimony, the trial court entered a verdict for $3,040.80 in Hammer's favor. On June 8, 1993, the trial court denied Walnicks' motion for post-trial relief and awarded Hammer an additional $200 in counsel fees and $55 in costs. Walnicks' appeal to this Court ensued.[4]

■ Walnicks argue that the trial court erred (1) in entering a verdict in Hammer's favor for violations of the Ordinance and the CPL, (2) in failing to individualize the amount it was awarding under each, and (3) in awarding fees and costs. Our scope of review in this matter is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Retenauer v. Flaherty*, 164 Pa.Commonwealth Ct. 182, 642 A.2d 587 (1994). Hammer, as the party prevailing before the trial court, is entitled to the benefit of all favorable facts and inferences that may be reasonably drawn from the evidence, and all conflicts in the evidence must be resolved in his favor. *Stack v. Department of Transportation, Bureau of Driver Licensing*, 166 Pa.Commonwealth Ct. 703, 647 A.2d 958 (1994).

■ In its October 17, 1994 opinion, the trial court found that Walnicks violated the Ordinance because the towing agreement did not contain a plain statement of fees charged. Section (5)(e)(1) of the Ordinance requires that the towing agreement include "a complete fee schedule of all charges on the face of the agreement." It is evident that there was no fee schedule included in the towing agreement signed by Hammer, and this fact was openly admitted by Walnicks at trial. (*See* Trial Exhibit P–4 and N.T., p. 35.) Further, we agree with Hammer that Walnicks also violated the Ordinance by charging Hammer 15% of the total repair estimate as a "penalty" after learning Hammer was not going to authorize Walnicks to make the repairs at their shop. Regardless of the "internal" form signed by Hammer referring to the 15% charge, (*see* Trial Exhibit P–2), Section (8)(b) of the Ordinance provides that no charge shall be made either directly or indirectly for estimating the cost of repairs.

Accordingly, the trial court did not err in finding that Walnicks violated the Ordinance.[5]

■ Walnicks also contend that the trial court erred in finding that their dealings with Hammer constituted a violation of the CPL. The section of the CPL at issue is a "catchall" clause which provides that "[e]ngaging in any other *fraudulent* conduct which creates a likelihood of confusion or of misunderstanding" constitutes an unfair method of competition or an unfair and deceptive act or practice. (Section 2(4)(xvii) of the CPL, 73 P.S. § 201–2(4)(xvii)) (Emphasis supplied.) As stated by our Supreme Court, this catchall is designed to cover generally all unfair and deceptive acts or practices in the conduct of trade or commerce. *Creamer v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 (1974).

■ To be actionable under the catchall provision, however, the "confusion or misunderstanding" created must be fraudulent. *Chatham Racquet Club v. Commonwealth*, 127 Pa.Commonwealth Ct. 209, 561 A.2d 354 (1989), *appeal denied*, 527 Pa. 604, 589 A.2d 694 (1991). Specifically, to recover under the

---

4. The appeal, originally filed in the Superior Court, was transferred to this Court pursuant to Pa.R.A.P. 751 and 752, because one of the issues involved a violation of the Philadelphia Towing Ordinance. *See* Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4).

5. We also reject Walnicks' argument that the trial court improperly awarded damages for the violation of the Ordinance. As set forth below, the damages awarded were appropriate under the CPL.

catchall provision, the elements of common law fraud must be proven. *Prime Meats, Inc. v. Yochim,* 422 Pa.Superior Ct. 460, 619 A.2d 769 (1993), *appeal denied,* 538 Pa. 627, 646 A.2d 1180 (1994). These essential elements include a material misrepresentation of existing fact, scienter, justifiable reliance on the misrepresentation, and damages. *Chatham Racquet Club,* citing *Mancini v. Morrow,* 312 Pa.Superior Ct. 192, 458 A.2d 580 (1983).

In the case at bar, the trial court concluded that Walnicks violated the CPL, without any indication of having addressed the specific provision involved or making findings regarding the existence of fraudulent conduct. Our review of the record, however, leads us to conclude that the necessary elements of fraud existed to support the finding that the catchall provision of Section 2(4)(xvii) of the CPL was violated.

Walnicks represented to Hammer that he could have his car repaired at any shop of his choice. This was stated in the brochure provided to Hammer at the time of the accident, which contained the name and address of Walnicks' garage. (Trial Exhibit P–3.) Hammer testified that the brochure was given to him by the tow truck operator, an employee of Walnicks, and Walnicks have not disputed this fact. (N.T., p. 9.) Hammer relied upon this statement in permitting Walnicks' tow truck operator to tow his car to their garage, and later informing Walnicks that he wanted to remove his car to another repair shop. Instead of permitting Hammer to remove his car to have it repaired at the shop of his choice, however, Walnicks required him to pay the $850, which included charges already determined to be violative of the Ordinance. Hammer clearly suffered actual damages in this amount.

Section 9.2 of the CPL, 73 P.S. § 201–9.2, provides that in private actions under the CPL, the court may, in its discretion, award treble damages and "such additional relief as it deems necessary or proper." In this case, the trial court awarded damages in the amount of $1,700—twice Hammer's actual damages of $850—and attorney's fees and costs. This award was within the court's discretion and will not now be disturbed.

Accordingly, the trial court's order denying Walnicks' motion for post trial relief is affirmed.

### ORDER

AND NOW, this 22nd day of May, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.