Michelle JOHNSON, Plaintiff,

v.

GERBER PRODUCTS CO., Defendant.

Civil Action No. 96–4086.

United States District Court,
E.D. Pennsylvania.

Dec. 18, 1996.

Roberta D. Liebenberg, Debora A. O'Neill, Ann D. White, Robert G. Eisler, Natalie Finkelman, Mager, Liebenberg and White, Philadelphia, PA, for Plaintiff.

Judy L. Leone, Robert C. Clothier, III, Dechert, Price & Rhoads, Philadelphia, PA, for Defendant.

### MEMORANDUM

PADOVA, District Judge.

Plaintiff, Michelle Johnson, originally filed this action in the Court of Common Pleas of Philadelphia County on April 23, 1996, as a putative class action. As in a number of other recent cases brought in various parts of the country, the gravamen of the Complaint is that Defendant, Gerber Products Company ("Gerber"), intentionally used false and misleading advertising to misrepresent the nutritional value of much of its baby food. *See e.g., Bernard v. Gerber Food Products Co.,* 938 F.Supp. 218 (S.D.N.Y.1996); *Tylka v. Gerber Products Co.,* 1996 WL 341441, Nos. 96–1647–49, 96–1664 (N.D.Ill., June 14, 1996). As part of its plan to remove all such cases to federal court and then transfer them to the Western District of Michigan, Gerber removed this case to this Court pursuant to 28 U.S.C.A. § 1441 (West 1994), claiming federal jurisdiction in diversity under 28 U.S.C.A. § 1332 (West 1993).[1] Plaintiff now moves to remand the case to state court pursuant to 28 U.S.C.A. § 1447(c) (West 1994), claiming this Court lacks subject matter jurisdiction because her claim does not exceed $50,000, exclusive of interest and costs, as required by statute. 28 U.S.C.A.

---

1. Plaintiff is a resident of Philadelphia and Defendant is incorporated and has its principal place of business in Michigan.

§ 1332. For reasons discussed below, I will grant Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff's Complaint alleges that Gerber, which dominates the baby food market, has been conducting, and continues to conduct a pervasive campaign of false and misleading advertising. Gerber allegedly states in advertisements that its baby food products are nutritionally equal or superior to other brands of baby food when, in fact, many of its products are allegedly nutritionally inferior in that they contain modified starch, sugar, and water. Plaintiff brings this action pursuant to the consumer protection statutes of all fifty states and the District of Columbia. In addition she sues for common law fraud, negligent representation, and breach of express warranty. The class period began on February 15, 1990, at which time Plaintiff claims that she began purchasing the Gerber products in question.

In her Complaint, Plaintiff seeks class certification, compensatory damages, reasonable attorneys' fees, injunctive relief to stop the false and misleading advertising and provide corrective advertising, and any other relief the Court deems appropriate. The Complaint contains no specific dollar amount demand for Plaintiff as an individual or for the class.

In her Motion to Remand, Plaintiff asserts that her individual claims do not and cannot exceed $50,000. She further states that, as a matter of law, class plaintiffs cannot aggregate the value of their claims, punitive damages, or attorneys' fees to meet the jurisdictional amount. Therefore, she argues, this Court lacks subject matter jurisdiction.

## DISCUSSION

### A. Aggregation of Compensatory and Punitive Damages

Federal courts are courts of limited jurisdiction and have only the power given them by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42,

45 (3d Cir.1990). Federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C.A. § 1332(a). As the United States Court of Appeals for the Third Circuit has stated, "This provision must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control." *Packard v. Provident National Bank,* 994 F.2d 1039, 1044–45 (3d Cir.), *cert. denied sub nom. Upp v. Mellon Bank, N.A.,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). "[T]he removal statute should be construed strictly and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir. 1985). Where a plaintiff and defendant clash over jurisdiction, uncertainties are to be resolved in favor of remand. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). *Neff v. General Motors Corp.,* 163 F.R.D. 478, 481 (E.D.Pa.1995). Because Gerber has invoked federal jurisdiction, it bears the burden of showing that such jurisdiction exists. *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 541 (3d Cir.1995).

With respect to jurisdictional amount, Gerber claims that dismissal and remand are appropriate only if this Court is certain that the jurisdictional amount cannot be met. That is a fair statement of the law with respect to cases originally brought in federal court, but the standard for cases removed from state court may be somewhat different. In *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the Supreme Court stated, on the one hand, that the jurisdictional amount in controversy would be deemed satisfied unless it appeared "to a legal certainty" that a plaintiff's claim was for less than that amount. 303 U.S. at 289, 58 S.Ct. at 590–91. On the other hand, the Court stated that, in a case removed from state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer

jurisdiction on a federal court" because she could have brought the case in federal court had she so desired.[2] 303 U.S. at 290–91, 58 S.Ct. at 591. This presumption is reinforced by the Third Circuit's directive to resolve uncertainties in favor of remand. *Boyer*, 913 F.2d at 111. In this case, however, the result is the same whether a stricter or more lenient standard is used.

In calculating the amount in controversy in class actions, class plaintiffs cannot aggregate the value of their individual claims to meet the jurisdictional amount, and Gerber has not claimed that the actual damages suffered by any single plaintiff meet the jurisdictional amount. *Snyder v. Harris*, 394 U.S. 332, 338, 89 S.Ct. 1053, 1067, 22 L.Ed.2d 319 (1969); *Packard*, 994 F.2d at 1045. Gerber does, however, claim that the punitive damages meet the jurisdictional amount because, it argues, each class plaintiff has an undivided interest in the punitive claim.

While the United States Court of Appeals for the Third Circuit has not spoken on this point, district courts in this Circuit have not allowed the aggregation of punitive damages in class actions for purposes of meeting the jurisdictional amount. *See, e.g., Hamel v. Allstate Indemnity Co.*, No. 95–6554, 1996 WL 106120 (E.D.Pa., March 5, 1996) (punitive damages cannot be aggregated under principle of *Snyder v. Harris* where "each class member was injured individually, and in a unique amount that in theory must be proved separately"); *Pierson v. Source Perrier, S.A.*, 848 F.Supp. 1186, 1189 (E.D.Pa. 1994) (in class action claiming false advertising of bottled water, defendant's cost of complying with injunction cannot be used in determining amount in controversy); *Garcia v. General Motors Corp.*, 910 F.Supp. 160, 166 (D.N.J.1995) ("If each of the Putative Plaintiffs must independently satisfy the amount in controversy with respect to damages, it is illogical to depart from that requirement in the case of punitive damages"); *Bishop v. General Motors Corp.* 925 F.Supp. 294 (D.N.J.1996) (punitive damages may be aggregated only where there is a single indivisible *res*, such as a piece of property); *Wein-*

*berg v. Sprint Corp.*, 165 F.R.D. 431, 442 (D.N.J.1996) (punitive damages in class action against long-distance telephone company for fraudulent advertising could not be aggregated to meet jurisdictional amount because each plaintiff was injured individually). The court in Garcia stated that aggregating punitive class damages "would undermine the purpose and intent of Congress in providing that plaintiffs in diversity cases must present claims in excess of the specified jurisdictional amount." *Garcia*, 910 F.Supp. at 166 (quoting *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973)). I agree with the reasoning of my colleagues and therefore adopt their position that punitive damages cannot be aggregated in this case.

**B. Attorneys' Fees**

Gerber also argues that the jurisdictional amount is met because of the attorneys' fees Plaintiff seeks, which are available under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") as "such additional relief as [the court] deems necessary or proper." 73 Pa.Stat.Ann. § 201–9.2(a) (1993). While the UTPCPL does not explicitly provide for attorneys' fees, several courts have held that its broad language authorizes the award of such fees. *See Hammer v. Nikol*, 659 A.2d 617, 620 (Pa.Commw.Ct.1995) (attorneys' fees are recoverable under § 201–9.2(a) as "additional relief"); *Neff*, 163 F.R.D. at 483 (citing numerous cases from E.D.Pa. to same effect). It is well settled that where reasonable attorneys' fees are part of the statutory action and have been requested by plaintiffs, they can be counted as part of the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933).

The fact that attorneys' fees may comprise part of the amount in controversy in an individual action does not mean that they may be aggregated in a class action. The Third Circuit has not spoken definitively on the question of aggregating attorneys'

---

**2.** In *Cohen v. Gerber*, 1996 WL 593720 at *3–4, (E.D.Pa. Oct. 21, 1996), a very similar case, I

undertake a more detailed discussion of this point.

fees in class actions, but a Third Circuit opinion that was vacated on other grounds suggests that it would not be receptive to the idea.[3] In addition, it has cautioned that when a claim for punitive damages comprises the bulk of the amount in controversy, such damages may have been asserted primarily for the purpose of conferring jurisdiction, and "that claim should be given particularly close scrutiny." *Packard,* 994 F.2d at 1046. *Neff* extended the logic of *Packard* to attorneys' fees and refused to allow them to make up the bulk of the amount in controversy. *Neff,* 163 F.R.D. at 483.

Gerber argues that I should follow the United States Court of Appeals for the Seventh Circuit in *In re Abbott Laboratories,* 51 F.3d 524 (5th Cir.1995), in which the entire pool of attorneys' fees were attributed to the named representatives' claim. In that case, however, the court interpreted two Louisiana statutes to require such attribution. Absent such a legislative directive, or a judicial one, I decline to adopt the Seventh Circuit's position because I conclude that position is not consistent with the policy in this Circuit.

## C. Calculating the Cost of Injunctive Relief

■ In calculating the cost of equitable relief, a number of courts have adopted the "either perspective" rule, allowing the amount in controversy to be estimated from either the defendant's perspective or the plaintiff's perspective. *See, e.g., City of Moore, Oklahoma v. Atchison, Topeka & Santa Fe Ry. Co.,* 699 F.2d 507, 509 (10th Cir.1983) (finding jurisdiction because of potential loss to defendant); *Duderwicz v. Sweetwater Sav. Ass'n,* 595 F.2d 1008, 1014 (5th Cir.1979) (adopting "either viewpoint" rule). Gerber urges me to do so here, and has submitted an affidavit that its costs in complying with the injunctive relief Plaintiff seeks would exceed $1,000,000. I conclude that it would be inconsistent with Third Circuit precedent for me to adopt that position, even if I were so inclined.

While the Third Circuit has not addressed this question in a case where the cost to the defendant was at issue, it has stated the importance of the plaintiff's perspective in measuring the value of injunctive relief. In *In re Corestates Trust Fee Litigation,* 39 F.3d 61 (3d Cir.1994) the beneficiaries of fiduciary accounts administered by a bank brought a class action alleging breach of contract and fiduciary duty. While the court declined to accept the plaintiffs position that their request for injunctive relief put the corpus of the trusts into controversy, the court stated:

> In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. In other words, "it is the value to the plaintiff to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy."

*Id.* at 65 (internal citations omitted) (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3708 at 143–44 (2d ed.1985)). A number of district court opinions from this Circuit have addressed the "either-perspective" question and have rejected it. *See, e.g., Pierson v. Source Perrier,* 848 F.Supp. 1186 (rejecting either-perspective argument, and citing Third Circuit rule that, for purposes of determining amount in controversy, the value of equitable relief must be determined from plaintiff's viewpoint); *Hunter v. Greenwood Trust Co.,* 856 F.Supp. 207 (D.N.J.1992) (same); *Weinberg,* 165 F.R.D. 431 (citing *Corestates* in rejecting defendant's-perspective evaluation of cost of injunctive relief in class action removed to federal court). Although the facts of these cases are somewhat different from the facts in the instant case, I conclude that the principle is equally applicable in this case.

Defendant cites *Tylka,* 1996 WL 341441 (N.D.Ill., June 14, 1996) as providing strong support for its "either-perspective" position, but that court relied on a Seventh Circuit

---

**3.** The vacated decision was *Spellman v. Meridian Bank (Delaware),* Nos. 94–3203, 94–3204, 94–3225 to 94–3218, 1995 WL 764548 (3d Cir. Dec. 29, 1995), where the Third Circuit held that attorneys' fees must be distributed among class members.

case allowing it, in determining the amount in controversy, to consider the cost to the defendant of the right the plaintiff sought to enforce. *Id.* at *2 (citing *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389 (7th Cir.1979)). In this Circuit, the weight of precedent is against such a rule, and I decline to adopt it.

## CONCLUSION

■ I conclude that this Court does not have jurisdiction over this case because Defendant, who removed it here, has not shown that the amount in controversy meets the statutory minimum.[4] In doing so, I have concluded that the amount in controversy cannot be calculated by aggregating compensatory damages, punitive damages, or attorneys' fees of class members, nor can it be met by the estimated cost to Defendant of the injunctive relief Plaintiff seeks.

---

4. Defendant also contends that the jurisdictional amount is met because, when Plaintiff brought the case in state court, she checked the box on the cover sheet indicating that the amount in controversy was greater than $50,000. Plaintiff points out that her case was not eligible for arbitration under the Pennsylvania Rules of Civil Procedure because she sought injunctive relief. Pa.R.Civ.P. 1301, Explanatory Note. She states that she checked the box because there was no other question on the cover sheet addressing the question of eligibility for arbitration. I accept her explanation and find that Plaintiff did not concede, for purposes of federal jurisdiction, that the amount in controversy was greater than $50,000 when she checked the box on the cover sheet.