DO RESTAURANTS, INC., d/b/a Café Maxx, Plaintiff,

v.

ASPEN SPECIALTY INSURANCE COMPANY, Defendant.

Case No. 13–62376–Civ.

United States District Court, S.D. Florida.

Nov. 26, 2013.

Valorie S. Chavin, Higer Lichter & Givner, LLP, Aventura, FL, for Plaintiff.

William Lanier Wallis, Butler Pappas Weihmuller Katz et al., Tallahassee, FL, for Defendant.

*Order Denying Motion for Remand
And Requiring Amended
Notice Of Removal*

ROBERT N. SCOLA, JR., District Judge.

THIS MATTER is before the Court on Plaintiff's Motion for Remand (DE 6). Having reviewed the Motion, the record, and the relevant legal authorities, for the reasons that follow, the Motion is **denied.** However, because the Notice of Removal does not enable the Court to determine whether it has subject matter jurisdiction over this case, Defendant Aspen Specialty Insurance ("Aspen") must file an amended Notice of Removal.

## Background

This is a civil action originally filed in August 2013 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County. In the Complaint, Plaintiff DO Restaurant Inc. d/b/a Café Maxx ("Café Maxx") sought damages for breach of contract based on a policy insurance issued by Defendant Aspen. Café Maxx alleged that the damages were in excess of $15,000. In October 2013, Aspen filed its Notice of Removal (DE 1) to remove the action to this Court.

Aspen claims that this Court has jurisdiction based on diversity of citizenship and the amount in controversy between Aspen and Café Maxx exceeds $75,000. To satisfy the amount in controversy Aspen relies on (1) Café Maxx's allegation in the original Complaint that the amount in controversy would exceed the Circuit Court's jurisdictional limit of $15,000; (2) Café Maxx's $64,056.36 damages estimate; and (3) Café Maxx's request for attorney's fees—estimated by Aspen to be $50,000—under Fla. Stat. 627.428. Aspen argues that these amounts should be considered collectively and therefore exceed the $75,000 requirement.

Café Maxx claims that Aspen failed to establish by a preponderance of evidence that the amount in controversy exceeds $75,000. Café Maxx argues that Aspen's estimate of $50,000 in attorney's fees is speculative and therefore cannot be used to meet the jurisdictional limit. As a result, according to Café Maxx, this case should be remanded because the amount in controversy at the time of removal is $64,056.36.

## Legal Standard for Diversity Jurisdiction

■ Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003). A civil action may be removed from state court to federal district court if the action is within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Aspen removed this action based upon diversity jurisdiction and therefore has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir.2010) (citing *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009)).

■ The parties dispute whether or not the amount in controversy in this action exceeds $75,000.00, as required by § 1332(a). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir.2010). The jurisdictional requirements of removal do not

limit the types of evidence that may be used to satisfy the preponderance of the evidence standard and defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *Pretka,* 608 F.3d at 755.

## Analysis

### I. Diversity Of Citizenship

■ Under 28 U.S.C § 1332(c)(1), a corporation is considered a citizen of its state of incorporation and of the state where it has its principal place of business. Aspen sufficiently alleges its citizenship, but fails to adequately allege the citizenship of Café Maxx: Aspen states that Café Maxx is a Florida corporation, but it does not indicate Café Maxx's state of incorporation or principal place of business. (DE 1 at 2.) The Court needs that information to assess jurisdiction. Aspen, therefore, must file an amended Notice of Removal with this information.

### II. Amount In Controversy

Café Maxx did not claim a specific amount of damages in its complaint and simply alleges that damages exceed $15,000. As a result, Aspen must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See Pretka,* 608 F.3d at 751.

#### a. Café Maxx's Expected Damages

Aspen submitted a $64,056.36 estimate of damages to meet the amount in controversy. (DE 1–1.) The estimate of damages was produced by Café Maxx in response to Aspen's Request for Production. (DE 1 at 3.) Café Maxx does not contest the amount or the sufficiency of the evidence provided, but states only that Aspen is over $10,000 short of the Court's jurisdictional threshold of $75,000. To be exact, Aspen is $10,943.65 short if the Court only considers the estimate of damages. But the Court is not limited to the esti-

mate of damages and can review the record for evidence relevant to the amount in controversy. *See Roe,* 613 F.3d at 1061. As a consequence, this Court can retain jurisdiction if it determines that Café Maxx's request for unspecified attorney's fees, combined with the $64,056.36 damages estimate, suffices to place the amount in controversy over $75,000.

#### b. Café Maxx's Request For Attorney's Fees

■ When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy. *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 201, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *See Pretka,* 608 F.3d at 755; *Mirras v. Time Ins. Co.,* 578 F.Supp.2d 1351, 1352 (M.D.Fla.2008); *Northup Props., Inc. v. Chesapeake Appalachia LLC,* 567 F.3d 767, 770–71 (6th Cir.2009) (concluding that the defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"). The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need "to establish the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka,* 608 F.3d at 755.

■ Café Maxx has requested attorney's fees under a Florida Statute. The Florida statute provides in relevant part:

Upon the rendition of a judgment or decree by any of the courts of this state

against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.

Fla. Stat. § 627.428. If Café Maxx were to prevail, it would be entitled to an award of attorney's fees under Section 627.428. So the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate.

 Café Maxx claims that Aspen's $50,000 estimate of attorney's fees is speculative and should not be included in the Court's determination of the amount in controversy. Specifically, Café Maxx claims that the evidence offered is "self-serving" and "unreliable" because the affiant, Ms. Smith, is employed by the same firm as Defendant's counsel and "fails to provide the Court with any information that would legitimize the affidavit or demonstrate that she is qualified to make an assessment as to the amount of attorney's fees that may be incurred in this matter." (DE 5 at 3.) The Court disagrees.

It is unclear how these assertions render the estimated attorney's fees speculative and the Affiant clearly states her basis for concluding that the attorney's fees will exceed $50,000 in this case. In addition, the cases cited by Café Maxx in both the Motion to Remand and Reply provide little assistance to the Court. In the cases cited, the defendant either failed to offer a specific amount of attorney's fees or failed to offer an explanation as to how it arrived at the amount. And while Café Maxx claims that $50,000 is "a stretch of the imagination" (DE 6 at 3), it is not a stretch to imagine that fees would exceed $10,943.65, which is all that Aspen needs in this case. Furthermore, Café Maxx did not provide a counter-affidavit or argue that fees were not likely to exceed $10,943.65.

Aspen provided this Court with a specific amount of estimated attorney's fees—$50,000—and the affidavit of Ms. Smith to explain how Aspen reached that amount. Ms. Smith stated she reviewed a copy of the complaint in this action and other documents relating to this claim. (DE 1–2.) In addition, Ms. Smith stated she is familiar with litigating insurance defense cases in the State of Florida; she has gained knowledge of hourly rates which are typically charged by plaintiff's attorney in a case like this; and she is familiar with the amount of time and fees which a plaintiff's attorney would incur in a case such as this. (*Id.*) As a result of her experience and knowledge of the case, Ms. Smith determined that the amount of attorney's fees will more likely than not exceed $50,000 if this case is litigated through trial. (*Id.*) Because Café Maxx requested a statutory award of attorney's fees, and Aspen provided an estimate of those fees supported by the affidavit of an attorney familiar with the amount of time and hourly rates charged in litigating a case such as this one, this Court finds that Aspen has shown by a preponderance of the evidence that the estimated attorney's fees are likely to exceed $50,000, and, at the very least, are likely to exceed $10,943.65.

### Conclusion

Because Aspen has provided sufficient evidence to show that estimated damages are $64,056.36 and expected attorney's fees are likely to exceed $50,000, and collectively those amounts exceed $75,000 ($64,056.36 + $50,000.00 = $114,056.36), this Court finds that the required jurisdictional amount under 28 U.S.C. § 1332 is satisfied and therefore Café Maxx's Motion to Remand (DE 6) is **denied.** Although Aspen

has sufficiently alleged that the amount in controversy exceeds $75,000, it failed to sufficiently allege that there is complete diversity. The Court **orders** Aspen to file an amended Notice of Removal correcting the deficient allegations of citizenship by December 3, 2013.