**Brian MIRRAS, Plaintiff,**

v.

**TIME INSURANCE COMPANY, Defendant.**

**Case No. 8:08–cv–1331–T–30EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 16, 2008.

John T. Ossi, Rolando Gilberto Guerra, Jr., John Bales Attorneys, St. Petersburg, FL, for Plaintiff.

Brett J. Preston, Hilary C. High, Hill Ward Henderson, Tampa, FL, Walter D. Willson, Wells, Marble & Hurst, P.L.L.C., Jackson, MS, for Defendant.

### ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. # 13), and Time Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Dkt. # 18).

The Court, having considered the motion, response, memoranda, notice of removal, complaint, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

Plaintiff Brian Mirras initially filed suit against Defendant Time Insurance Company ("Time") in the Circuit Court of Sarasota County, Florida, asserting breach of contract under a health insurance policy as well as entitlement to attorney's fees pursuant to Florida Statute § 627.428. On July 10, 2008, Time filed a Notice of Removal (Dkt. # 1) along with supporting affidavits (Dkts. # 4 through 7) on the basis of diversity jurisdiction.[1] On July 29, 2008, Plaintiff filed this motion arguing that the case should be remanded because the amount in controversy is less than $75,000.

It is undisputed that the Plaintiff seeks damages for treatment and care in the amount of $49,413.72. Plaintiff also seeks attorney's fees pursuant to Florida Statute § 627.428. Defendant has offered affidavits supporting the assertion that attorney's fees would reach at least $28,000 during the litigation of this matter (assuming Plaintiff's counsel spends at least 40 hours at $350/hour in the pleading, discovery, review of documents, and motion practice).[2] Plaintiff does not contest this assumption nor has Plaintiff offered affidavits in opposition. Rather, Plaintiff argues that attorney's fees should not be considered when determining whether the amount in controversy exceeds the jurisdictional requirement. The Court disagrees.

■ Under Florida law, the award of attorney's fees in an insured's action against an insurer, upon rendition of judgment, is statutory. *See* Fla. Stat. § 627.428(1) (2007) (providing that fees

---

1. It is undisputed that the parties are completely diverse.

2. Dkt. # 4, Affidavit of John Richardson.

shall be awarded if there is a judgment "against an insurer and in favor of any named beneficiary under a policy or contract executed by the insurer"). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir.2000); *see also State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830, 832 (Fla.1993) (finding that the terms of section 627.428 are an implicit part of every insurance policy).

The Court concludes that Time has established by a preponderance of the evidence that reasonable attorney's fees in this case will reach at least $28,000. Accordingly, the amount in controversy exceeds $75,000 ($49,413.72 + $28,000 = $77,413.72). Thus, the required jurisdictional amount under 28 U.S.C. § 1332 is satisfied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. # 13) is **DENIED.**