**Gail WRUBEL, Plaintiff,**

v.

**SAFECO INSURANCE CO. OF ILLINOIS, Defendant.**

**Case No. 17–cv–80253–Brannon**

United States District Court,
S.D. Florida.

Signed 07/20/2017

---

Hernando Victor Pineres, Russell Adam Dohan, Goldberg & Dohan, Coral Gables, FL, for Plaintiff.

David Barry Krouk, Matthew John Lavisky, Butler Weihmuller Katz Craig LLP, Melisa L. Bodnar, Law Office of Glenn G. Gomer, Tampa, FL, Nicole Paulette Ramos, Law Offices of J. Christopher Norris Liberty Mutual Insurance Company, Miami, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand ("Motion") [DE 7] and Defendant's opposition [DE 9]. For the following reasons, the Motion is **DENIED.**

### I. BACKGROUND

Plaintiff, a pedestrian that was struck by an uninsured motorist, sued her insurer Safeco Insurance Company of Illinois ("Defendant") in state court for (1) uninsured motorist ("UM") benefits; and (2) bad faith under Fla. Stat. § 624.155. [DE

1-6]. Plaintiff alleges that her policy "provided an uninsured motorist benefits coverage limit of $250,000 per person and $500,000 per occurrence." [*Id.* at ¶ 11]. She claims that Defendant "unjustifiably refused and continues to refuse to honor its contractual obligations by failing to pay the UM benefits owed to Plaintiff." [*Id.* ¶ 13].

Plaintiff seeks "excess damages" owed by Defendant above the $250,000 policy limit. [DE 1–6 ¶ 25]. She claims that she "sustained severe and permanent injuries," [*id.* ¶ 8], namely, bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing disease or physical defect, activation of a latent disease or physical defect, and expense of hospitalization and nursing care in the past and to be obtained in the future. [*Id.* ¶ 14]. Plaintiff seeks "all damages suffered as a result of the Collision and all damages caused by [Defendant's] failure to act in good faith," including attorneys' fees incurred under Fla. Stat. §§ 627.727(10) and 627.428. [*Id.* ¶¶ 23, 25].

Defendant removed the case to this Court alleging diversity and that the amount in controversy exceeds $75,000. [DE 1 at 2–4]. Defendant attached a letter from Plaintiff's counsel claiming that Plaintiff's "damages total $406,537," but that she would be willing to settle the case for the $250,000 policy limit. [DE 1–3 at 8]. Thereafter, Plaintiff filed the instant Motion seeking to remand the case arguing that the $75,000 amount in controversy is not met.

## II. DISCUSSION

The Court validly exercises diversity jurisdiction where the amount in controversy "exceeds the sum or value of $75,000 exclusive of interest and costs" and the parties have diverse citizenship. 28 U.S.C. § 1332(a). The Motion does not challenge diversity, only whether the amount in controversy requirement is met.

■ The party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Court may consider "the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). Moreover, evidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met. *Fischer v. State Farm Mut. Auto. Ins. Co.*, 10–14124–CIV, 2011 WL 573836, at *2 (S.D. Fla. 2011).

■ Here, several relevant pieces of evidence demonstrate that the amount in controversy requirement is met. First, in the Civil Remedy Notice filed with the State of Florida, Plaintiff alleged that the Defendant "has already been provided with sufficient information in order to warrant a tender of policy limits" and advised that she was "willing to accept the policy limits to settle the claim..." [DE 1–2 at 16]. Moreover, the Complaint alleges that Plaintiff suffered significant damages and seeks to recover a sum in "excess" of the $250,000 policy limit. Indeed, Plaintiff twice sent letters to Defendant detailing the "significant amount of pain and suffering, which is estimated to persist throughout the remainder of her lifetime," and offered to settle the case for the policy limits of $250,000. [DE 1–3 at 7]. These

sources establish that the amount in controversy exceeds $75,000 even without taking into account the attorney's fees Plaintiff seeks. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Mirras v. Time Ins. Co.*, 578 F.Supp.2d 1351, 1352 (M.D. Fla. 2008) (including anticipated attorney's fees under § 627.428 in calculating amount in controversy in insured's breach of contract action against insurer).

## III. CONCLUSION

This is "yet another case where a personal injury Plaintiff sues her insurer for a pot of gold which, when faced with removal to federal court, becomes worth less than $75,000." *Jankovic v. Progressive Am. Ins. Co.*, No. 6:14-CV-530-ORL-31, 2014 WL 5593541, at *1 (M.D. Fla. May 9, 2014). The amount in controversy requirement is met and it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of July, 2017.