FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER FLOYD; JODY SCHUTTE; KATE ZAIGER, individually and on behalf of all others similarly situated, *Plaintiffs-Appellants*, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., a California Corporation; HONDA NORTH AMERICA, INC., a Delaware Corporation, *Defendants-Appellees.* | No. 18-55957 <br><br> D.C. No. 2:17-cv-08744-SVW-AS <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Filed July 28, 2020

Before:  Danny J. Boggs,[*] Carlos T. Bea, and
Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Boggs

**SUMMARY**[**]

**Magnuson-Moss Warranty Act/Class Action
Fairness Act**

The panel affirmed in part and vacated in part the district court's dismissal of a putative class action raising warranty claims under the Magnuson-Moss Warranty Act and state law arising out of crashes or injuries caused by the alleged "rollaway effect" of certain Honda Civic vehicles.

The parties disputed whether the district court's order of dismissal was final and appealable.  The panel held that it had jurisdiction to review the dismissal because the subsequent final disposition of the case by a final order cured any prematurity of plaintiffs' appeal.

Affirming the dismissal of the federal MMWA claim, the panel held that the Class Action Fairness Act does not override the MMWA's requirement to name one hundred plaintiffs.

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Vacating the dismissal of plaintiffs' state law claims based on lack of supplemental jurisdiction and remanding, the panel held that the district court erred in failing to consider whether the state law claims met the diversity requirements of CAFA even if the MMWA claim failed.

## COUNSEL

Gregory F. Coleman (argued), Adam A. Edwards, Mark E. Silvey, Lisa A. White, and Rachel Soffin, Greg Coleman Law PC, Knoxville, Tennessee; Robert R. Ahdoot and Theodore W. Maya, Ahdoot & Wolfson PC, Los Angeles, California; for Plaintiffs-Appellants.

Eric Y. Kizirian (argued) and Michael Grimaldi, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, California; Jeffry A. Miller and Brittany B. Sutton, Lewis Brisbois Bisgaard & Smith LLP, San Diego, California; for Defendants-Appellees.

## OPINION

BOGGS, Circuit Judge:

In this putative class action, plaintiffs raise warranty claims arising out of crashes or injuries caused by the alleged "rollaway effect" of certain Honda Civic vehicles. Plaintiffs appeal from the dismissal of their Magnuson-Moss Warranty Act ("MMWA") claim and their state-law claims for express and implied warranty against American Honda Motor Co., Inc. and Honda North America, Inc. (collectively, "Honda").

The question for decision is whether the Class Action Fairness Act ("CAFA") overrides the MMWA's requirement to name one hundred plaintiffs. This is an issue of first impression in this circuit, and we hold today that CAFA may not be used to evade the specific numerosity requirement of the MMWA.

## I. BACKGROUND

Plaintiffs are owners or lessors of 2016, 2017, and 2018 models of Honda Civic vehicles who experienced a "rollaway effect" of the vehicle's continuously variable transmission that, on occasion, failed to activate the electric parking brake automatically. Plaintiffs allege that Honda's reliance on visual feedback in the absence of tactile feedback in the affected vehicles caused them to be unable to determine whether the parking brake had been properly engaged, which resulted in vehicles unintentionally rolling away and sometimes causing crashes or injuries. Plaintiffs allege that the transmission is inherently defective and that Honda failed to disclose the defect.

In December 2017, Plaintiff Heather Floyd, a citizen of Tennessee, filed a putative class action in the district court raising a federal claim under the MMWA and a variety of state-law claims. An amended complaint[1] joined Jody

---

[1] Plaintiffs' claims for relief in the First Amended Complaint were as follows: (I) breach of express warranty (on behalf of the national class or, alternatively, on behalf of each state subclass); (II) breach of implied warranties (on behalf of the national class or, alternatively, on behalf of each state subclass); (III) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* (on behalf of the national class); (IV) breach of implied warranty of merchantability under Tennessee law, Tenn. Code Ann. §§ 47-2-314 and 47-2A-212 *et seq.* (on behalf of the Tennessee subclass); (V) breach of express warranty under Tennessee law, Tenn.

Schutte, a citizen of Wisconsin, and Kate Zaiger, a citizen of California, as plaintiffs, added Wisconsin and California subclasses, and alleged additional state-law claims.

The district court dismissed the First Amended Complaint, holding that the MMWA claim was not cognizable due to the complaint's failure to name one hundred plaintiffs. Noting that Plaintiffs had invoked supplemental jurisdiction over their state-law claims, the district court declined to exercise jurisdiction over those claims in light of its dismissal of the only federal claim. The district court, however, did not separately address whether jurisdiction existed over the state-law claims under CAFA.

Plaintiffs did not amend the First Amended Complaint and instead filed their notice of appeal on July 12, 2018, while final disposition of the district-court case was pending.

---

Code Ann. §§ 47-2-313 and 47-2A-210 *et seq*. (on behalf of the Tennessee subclass); (VI) violation of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. Ann. §§ 100.18 *et seq*. (on behalf of the Wisconsin subclass); (VII) breach of implied warranties under Wisconsin law, Wis. Stat. Ann. § 402.314 (on behalf of the Wisconsin subclass); (VIII) breach of express warranties under Wisconsin law, Wis. Stat. Ann. § 402.313 (on behalf of the Wisconsin subclass); (IX) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. (on behalf of the national class or, alternatively, on behalf of the California subclass); (X) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (on behalf of the national class or, alternatively, on behalf of the California subclass); (XI) breach of express warranty under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1 *et seq*. (on behalf of the national class or, alternatively, on behalf of the California subclass); (XII) breach of implied warranty under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1 *et seq*. (on behalf of the national class or, alternatively, on behalf of the California subclass); and (XIII) equitable injunctive and declaratory relief (on behalf of the national class).

The district court terminated the case on July 26, 2018 with a final order after Plaintiffs failed to file an amended complaint. Plaintiffs' notice of appeal was not amended after the termination.

## II.  ANALYSIS

### A.  Jurisdiction

The parties dispute whether the district court's order granting the motion to dismiss without stating whether it was granted with or without prejudice, and without explicitly granting leave to amend, constituted a final disposition of the action under 28 U.S.C. § 1291.

Plaintiffs argue that we have jurisdiction because the district court intended its dismissal to be final and appealable. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008). In *Mendiondo*, the district court dismissed all of the plaintiffs' claims and did not address a request for leave to amend, but also did not enter final judgment. *Id.* Although "[o]rdinarily an order dismissing the complaint rather than dismissing the action is not a final order and thus not appealable," when "it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) (citations omitted). The court in *Mendiondo* therefore "infer[red] that the district court intended to make the dismissal final for purposes of § 1291" because it did not address plaintiffs' request for leave to amend. 521 F.3d at 1102; *cf. WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) ("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained."). But in our

case Plaintiffs did not request leave to amend their First Amended Complaint when all their claims were dismissed; instead, they filed a notice of appeal before their action was terminated.

Honda, on the other hand, argues that the district court never intended the order dismissing the action to be final, because the district court did not file its final order until two weeks after Plaintiff's notice of appeal and six weeks after issuance of the order to dismiss. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004) ("A decision is 'final' within the meaning of § 1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004))).

But we need not resolve the issue of whether the district court intended its grant of the motion to dismiss to constitute a termination of the case, because the subsequent final disposition of the case by a final order cured any prematurity of Plaintiffs' appeal. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."). "Rule 4(a)(2) provides an exception for premature appeals" as it "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1482–83 (9th Cir. 1996) (second quoting *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co*., 498 U.S. 269, 276 (1991)).

The district court granted Honda's motion to dismiss on June 13, 2018. Plaintiffs filed a notice of appeal a month

later, on July 12, 2018. Two weeks after the notice of appeal, on July 26, 2018, the district court closed the case, stating that no amended complaint had been filed. "There's no penalty for filing a premature notice of appeal." *Orr v. Plumb*, 884 F.3d 923, 931 (9th Cir. 2018). *See also* 16A Charles Alan Wright et al., Federal Practice & Procedure § 3950.2 (5th ed. 2020) ("When a judge neglects to enter a judgment on a separate document, the parties may be confused about the judge's intentions. However, if the judge does nothing further in the case for 150 days, then it ordinarily should occur to even the most inattentive of appellate counsel that it is time either to seek clarification from the judge or to file an appeal."). Here, Plaintiffs filed a notice of appeal a month after the dismissal of their claims but two weeks before the district-court case was closed. Whether Plaintiffs' notice of appeal was premature or not, the final disposition of the case by the district court cures any timeliness defects of their appeal pursuant to Federal Rule of Appellate Procedure 4(a)(2), and we have jurisdiction to review it under 28 U.S.C. § 1291.

## B.  MMWA's Requirement to Name One Hundred Plaintiffs

The Magnuson-Moss Warranty Act, Pub. L. No. 93-637, 88 Stat. 2183 (1975), provides a cause of action for express and implied warranty claims under state law. It allows

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, [to] bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). However, the Act imposes specific limitations on the exercise of jurisdiction by federal courts:

No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

*Id.* § 2310(d)(3).

Whether the numerosity requirement of § 2310(d)(3)(C) applies to class-action claims brought under the Magnuson-Moss Warranty Act has been called into question by district courts following the enactment of the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"). CAFA grants district courts

original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). It also defines the term "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." *Id.* § 1332(d)(1)(D). However, 28 U.S.C. § 1332(d)(5)(B) denies CAFA jurisdiction if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

Contrary to the Magnuson-Moss Warranty Act, CAFA does not require naming all one hundred plaintiffs. *Compare* 15 U.S.C. § 2310(d)(3)(C), *with* 28 U.S.C. § 1332(d)(1)(D).

Plaintiffs claim that CAFA provides an alternative basis on which district courts may exercise federal jurisdiction over MMWA class actions, arguing that CAFA confers jurisdiction over a class-action MMWA claim even in the absence of at least one hundred named plaintiffs. Such an approach would permit circumvention of the specific numerosity requirements of the MMWA by using the less stringent criteria of CAFA.

Case law addressing the interplay between CAFA and MMWA numerosity requirements is scarce and the issue has not been addressed by the Supreme Court or by this circuit; in fact, only one other circuit has ever considered it.

In *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009), the plaintiffs alleged that Apple iPods could induce hearing loss when used at unsafe sound volume levels. *Id.* at 956. They filed a class action alleging violations of California law and of the MMWA. *Id.* at 957. This court affirmed the district court's dismissal of both the MMWA and state-law claims, holding that the plaintiffs failed to plead sufficiently a claim for breach of implied warranty of merchantability, and that they lacked standing to assert a claim under California's Unfair Competition Law. *Id.* at 958 n.2, 962. This court stated in a footnote that the district court had subject-matter jurisdiction under CAFA, but did not address the named-plaintiffs requirement of the MMWA. *Id.* at 957 n.1.

The Sixth Circuit has allowed CAFA to supersede the MMWA's more stringent jurisdictional requirements of one hundred named plaintiffs, albeit in an unpublished opinion, which does not constitute binding precedent even in that circuit. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013). In *Kuns*, the court affirmed the district court's order granting summary judgment in favor of Ford

Motor Company on the merits of Kuns's claims that Ford violated the MMWA and breached its express warranty under Ohio law. *Id.* at 578. In its discussion of federal jurisdiction, the Sixth Circuit agreed with the district court's view that "the CAFA—the more recent of the two statutes—'can render a district court a court of competent jurisdiction and permit it to retain jurisdiction where the CAFA requisites are met but the MMWA requisites are not.'" *Id.* at 574 (quoting *Kuns v. Ford Motor Co.*, 926 F. Supp. 2d 976, 980 (N.D. Ohio 2013)). Although the Sixth Circuit cited *Birdsong*, 590 F.3d at 957 n.1, *Kuns* focused its discussion on a survey of district-court decisions, which "have, as a general rule, held that the CAFA effectively supercedes [sic] the MMWA's more stringent jurisdictional requirements." 543 F. App'x at 574.[2]

We disagree. "In construing the provisions of a statute, we begin by looking at the language of the statute to determine whether it has a plain meaning." *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015) (en banc). If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there, and "we do not consider 'the legislative history or any other extrinsic material.'" *Id.* (quoting *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1042 (9th Cir. 2013) (en banc)).

---

[2] Plaintiffs' Reply Brief and their letter submitted under Federal Rule of Appellate Procedure 28(j), Citation of Supplemental Authorities, have a compendium of cases addressing the interplay between the MMWA and CAFA. Other than the two cases discussed above, all of those rulings were made by district courts and almost always in unpublished opinions. Lacking guidance from their circuit courts or from the Supreme Court, the district courts have taken inconsistent positions on the issue of the MMWA numerosity requirements after CAFA.

The plain language of the MMWA lists a combination of specific requirements for a claim cognizable in *federal* court:

> No claim shall be cognizable in a suit brought [in district court]—
>
> . . .
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310 (d)(3).

The text is clear that a requirement for an MMWA class action in federal court is at least one hundred named plaintiffs. Here, Plaintiffs name only three individuals, but argue that, by satisfying CAFA requirements, they are relieved of the MMWA's obligation to name at least one hundred plaintiffs. Plaintiffs therefore posit a conflict between the two statutes and argue that CAFA has impliedly repealed MMWA's numerosity requirements.

However, "repeals by implication are disfavored," and when two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017–18 (1984) (quoting *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 133–34 (1974)). "When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)). "Our rules aiming for harmony over conflict in

statutory interpretation grow from an appreciation that it's the job of Congress by legislation, not this Court by supposition, both to write the laws and to repeal them." *Id.*

The MMWA's federal-claim requirements of one hundred named plaintiffs for a class action and an amount in controversy of $25 individually and $50,000 in the aggregate stand in marked contrast to CAFA's jurisdictional requirements for *diversity actions*: an amount in controversy exceeding $5,000,000 exclusive of interest and costs, numerosity (at least one hundred plaintiffs who need not all be named), and minimal diversity. *See* 28 U.S.C § 1332(d); Fed. R. Civ. P. 23; *cf.* 28 U.S.C. § 1332(a) (original jurisdiction of district courts over civil actions with diversity of citizenship and amount in controversy exceeding $75,000 exclusive of interest and costs). In other words, CAFA allows certain claims to proceed under diversity jurisdiction, while the MMWA provides for a distinct claim to be brought in federal court for certain state-law warranty violations. *See In re Sony Grand Wega*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010) ("The Magnuson-Moss Act provides a federal cause of action for state law express and implied warranty claims").

The two statutes would have to present an irreconcilable conflict to overcome the strong presumption against implied repeals. *See J.E.M. AG Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 141–42 (2001). But the statutory language of the MMWA and of CAFA is not irreconcilable—the MMWA simply prevents claims under that Act from proceeding in federal court absent the satisfaction of certain jurisdictional prerequisites. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject

is not submerged by a later enacted statute covering a more generalized spectrum."). We can easily give effect to that command and apply CAFA in all other cases.

Plaintiffs' arguments of policy and of implied repeal do not outweigh the clear statutory language establishing the requirements for federal jurisdiction under the MMWA. Construing CAFA to provide jurisdiction over MMWA claims despite Plaintiffs' failure to satisfy the plain-language requirement of at least one hundred named plaintiffs would have the effect of overriding a part of the MMWA. But the legislature's intent to repeal a statute must be "clear and manifest." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662 (2007) (citation omitted). Although CAFA was enacted thirty years after MMWA, *see* Magnuson-Moss Warranty Act, Pub. L. No. 93-637, 88 Stat. 2183 (1975) and Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005), CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements.

Therefore, CAFA may not be used to evade or override the MMWA's specific numerosity requirement, and we affirm the district court's dismissal of the MMWA claim.

### C.  Dismissal of Plaintiffs' State-law Claims

We review *de novo* the district court's grant of a motion to dismiss. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Plaintiffs brought this case as a class action, stating from the outset that they intended to seek nationwide class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) or 23(b)(3). Plaintiffs specifically asserted diversity jurisdiction under CAFA,   alleging "subject matter jurisdiction over this action under [CAFA] because there is minimal diversity, the proposed Class and Subclasses each exceed one hundred members, and the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs." *See* 28 U.S.C § 1332(d). Throughout the First Amended Complaint and in their state-law claims, Plaintiffs alleged having met the requirements of CAFA, and they separately alleged meeting the requirements of a class action. Because we must accept such allegations as true, Plaintiffs have sufficiently alleged the elements of CAFA for the district court to at least consider it. However, the district court terminated the action without specifically addressing Plaintiff's claim to CAFA jurisdiction.

Rather, the district court focused only on whether Plaintiffs' state-law claims should be heard under the supplemental jurisdiction statute, 28 U.S.C. § 1367. It incorrectly stated that "[g]iven that the Plaintiffs invoke supplemental jurisdiction over the state-law claims, the only claim under which the Plaintiff[s] could possibly invoke CAFA is the Magnuson-Moss Warranty Act Claim." The district court then dismissed the MMWA claim without specifically addressing whether CAFA provided an independent basis for original jurisdiction. However, to exercise jurisdiction over a state-law claim pursuant to CAFA, a court does not need underlying federal-question jurisdiction. CAFA expressly extends original federal jurisdiction to state-law claims in class actions under relaxed diversity requirements. 28 U.S.C. § 1332(d)(2) states in relevant part: "[t]he district courts shall have *original*

*jurisdiction* of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . ." (emphasis added).

The district court thus erred in not considering whether Plaintiffs' state-law claims met the diversity requirements of CAFA even if the MMWA claim failed. Plaintiffs did not need to allege that their state-law claims were supplemental to jurisdiction under CAFA, because they had already generally alleged original jurisdiction over the entire action.

The district court should have considered jurisdiction under CAFA entirely independently of the MMWA claim. If the district court then found that the requirements for CAFA were not satisfied, it would not have jurisdiction over state-law claims except under § 1367 and the action could be dismissed. But if Plaintiffs satisfied CAFA, the court would have had original jurisdiction over Plaintiffs' state-law claims. The district court therefore improperly dismissed Plaintiffs' state-law claims based only on lack of supplemental jurisdiction.

We vacate the dismissal of Plaintiffs' state-law claims and remand for consideration consistent with this opinion.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM IN PART AND VACATE IN PART** the district court's order of dismissal, and we **REMAND** the case for proceedings in conformity with this opinion. Each side will bear its own costs and fees on appeal.