**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NICHOLAS SHONER,
           *Plaintiff-Appellant*,

           and

PAUL CORMIER,
                    *Plaintiff*,

           v.

CARRIER CORPORATION,
           *Defendant-Appellee.*

No. 20-56327

D.C. No.
2:18-cv-07030-
CAS-E

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Filed April 14, 2022

Before: PAUL J. KELLY, JR.,* MILAN D. SMITH, JR.,
and DANIELLE J. FORREST, Circuit Judges.

---

* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Opinion by Judge Milan D. Smith, Jr.;
Partial Concurrence and Partial Dissent by Judge Kelly

---

### SUMMARY[**]

---

### Magnuson-Moss Warranty Act

The panel vacated the district court's judgment regarding plaintiff's federal Magnuson-Moss Warranty Act (MMWA) claim, and remanded to the district court with instructions to dismiss for lack of jurisdiction.

Plaintiff Nicholas Shoner filed a class action against air conditioner manufacturer Carrier Corporation alleging that his air conditioner was defective, and asserted state law claims and a federal MMWA claim.

The panel affirmed the district court's dismissal of Shoner's state law claims in a separate memorandum disposition.

Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000. 15 U.S.C. § 2310(d)(3)(B). At issue in this case is whether attorneys' fees count toward the MMWA's amount in controversy requirement. Four Circuits have held that attorneys' fees are "costs" within the meaning of the MMWA and are excluded from the $50,000 amount in controversy, and one circuit (the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Seventh Circuit) includes attorneys' fees toward the MMWA's amount in controversy. The panel held that attorneys' fees are not "costs" within the meaning of MMWA, and therefore they may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes.

The panel next considered whether Shoner could include attorneys' fees toward the MMWA's $50,000 jurisdictional threshold. Shoner's MMWA claim was premised on Carrier's alleged breach of express and implied warranties pursuant to Michigan law. Neither of these statutes grant a prevailing plaintiff attorneys' fees. Shoner contended that he could recover attorneys' fees because he also asserted a Michigan Consumer Protection Act claim. The panel held that even if this claim was included in his lawsuit, the Act makes clear that attorneys' fees are not available in a class action. Because Shoner brought this claim as part of a putative class action, he is not entitled to attorneys' fees under state law. The panel concluded that Shoner cannot include attorneys' fees in the MMWA's amount in controversy, and his MMWA claim cannot meet the statutory threshold.

Tenth Circuit Judge Kelly concurred that the district court lacked jurisdiction to consider Shoner's MMWA claim on the merits. He dissented from the majority's conclusion that attorneys' fees available under fee-shifting statutes may be included in the MMWA's $50,000 amount in controversy requirement because the court need not resolve this issue. Judge Kelly doubted that attorneys' fees were meant to be included in the amount in controversy calculation under the MMWA.

**COUNSEL**

Timothy N. Mathews, Chimicles Schwartz Kriner & Donaldson-Smith LLP, Haverford, Pennsylvania; James C. Shah, Miller Shah LLP, Philadelphia, Pennsylvania; for Plaintiff-Appellant.

Sara S. Tatum, Kirkland & Ellis LLP, New York, New York; K. Winn Allen, Devin S. Anderson, and Christian S. Daniel, Kirkland & Ellis LLP, Washington, D.C.; for Defendant-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

Plaintiff Nicholas Shoner brought a putative class action alleging express and implied warranty claims pursuant to state law, along with a federal Magnuson-Moss Warranty Act (MMWA) claim. 15 U.S.C. § 2310(d). We affirmed the district court's dismissal of Shoner's state law claims in a separate memorandum disposition, but Shoner's federal claim leaves us in a procedural bind. MMWA claims "stand or fall with . . . express and implied warranty claims under state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)). Even so, we cannot consider the merits of the MMWA claim without jurisdiction. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Because the district court did not have jurisdiction over the MMWA claim, we remand with instructions to dismiss for lack of jurisdiction.

## I.

In 2018, Shoner filed a class action lawsuit against air conditioner manufacturer Carrier Corporation alleging that his air conditioner was defective. Shoner asserted various state law claims and a federal MMWA claim. The district court had jurisdiction over Shoner's state law claims pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), but never addressed whether it had subject matter jurisdiction over Shoner's MMWA claim. After the district court dismissed all of Shoner's claims, we clarified that a plaintiff asserting an MMWA class claim must name 100 class members in the complaint. *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034 (9th Cir. 2020). In his reply brief, Shoner admits that the district court lacked jurisdiction over the MMWA claim on behalf of the class but contends that it still had federal question jurisdiction over his individual MMWA claim. We ordered the parties to be prepared to discuss the court's jurisdiction over Shoner's MMWA claim at oral argument.

Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000. 15 U.S.C. § 2310(d)(3)(B). "As with suits in diversity," for MMWA claims, "we look no farther than the pleadings to determine the amount in controversy unless 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Even assuming that Shoner is entitled to damages in the full $1,266 he paid for his air conditioner, that amount is far from $50,000. Shoner contends that attorneys' fees can make up the more than $48,000

difference.    The narrow question before us is whether attorneys' fees count toward the MMWA's amount-in-controversy requirement.  Our circuit has not yet addressed this question.  *See Kelly*, 377 F.3d at 1039.

## II.

The MMWA "provides a cause of action for express and implied warranty claims under state law."  *Floyd*, 966 F.3d at 1032.   The statute precludes federal jurisdiction in the following circumstances:

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).   At issue is whether the phrase "exclusive of interests and costs" in subsection (B) excludes attorneys' fees as costs.

Four circuits have held that attorneys' fees are "costs" within the meaning of the MMWA and are excluded from the $50,000 amount-in-controversy requirement. *See Ansari v. Bella Auto. Grp.*, 145 F.3d 1270, 1271 (11th Cir. 1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3d Cir. 1997); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032–33

(4th Cir. 1983). Of these circuits, however, only the Fourth Circuit analyzed this issue. The others simply adopted *Saval*'s reasoning. *See id*. By contrast, the Seventh Circuit includes attorneys' fees toward the MMWA's amount-in-controversy requirement but does not explain its departure from the other circuits. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844–45 (7th Cir. 2014).

The MMWA does not define "costs," and as the Fourth Circuit recognized, the statute gives way to "two equally troublesome interpretations." *Saval*, 710 F.2d at 1033 n.9. The Fourth Circuit ultimately concluded that attorneys' fees were "costs" in 15 U.S.C. § 2310(d)(3), because the immediately preceding subsection provides that a prevailing plaintiff "may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) . . . reasonably incurred by the plaintiff." *Id.* § 2310(d)(2). The Fourth Circuit determined that "[a]lthough the statute is not precisely worded as to this point, . . . 'cost and expenses' should be read together, and that 'attorneys' fees' are an example of both." *Saval*, 710 F.2d at 1032. To reach this conclusion, the court reasoned that including attorneys' fees toward the amount-in-controversy thresholds in the MMWA would render 15 U.S.C. § 2310(d)(3)(A)'s $25 individual claim limit superfluous. *Id.*

Examining the MMWA's text, we must part ways with our sister circuits. We find no reason to interpret the phrase "exclusive of interests and costs," in the MMWA differently from how we interpret the same language in the diversity and CAFA jurisdiction provisions. *See* 28 U.S.C. § 1332(a), (d)(2). The diversity jurisdiction statute provides federal courts with "original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). Likewise, CAFA's amount-in-controversy requirement must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(2). In either context, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).

We hold that attorneys' fees are not "costs" within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes.[1] We have defined the "amount in controversy" as "*all* relief to which the plaintiff is entitled if the action succeeds." *Fritsch*, 899 F.3d at 795. The amount in controversy "includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales v. CarMax Auto Superstores*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). As the Supreme Court explained, when a plaintiff asserts a claim based on a statute with a fee-shifting provision, "[t]he amount so demanded [becomes] part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and

---

[1] We note that even absent direction from our court, several district courts in our circuit have already taken this approach to the MMWA's amount-in-controversy requirement. *See Chung v. FCA US LLC*, 2021 WL 4280342, at *3 (C.D. Cal. Sept. 20, 2021); *Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *4 (E.D. Cal. May 19, 2021); *Cox v. KIA Motors Am., Inc.*, 2020 WL 5814518, at *4 (N.D. Cal. Sept. 30, 2020).

removal statutes." *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). If an underlying state statute authorizes attorneys' fees to a successful litigant, these fees become part of the amount "put in controversy" through an MMWA lawsuit. *Id.*

In *Saval*, the Fourth Circuit considered and rejected the analogy with federal diversity cases because "although the language of 28 U.S.C. § 1332(a) is nearly identical to that contained in 15 U.S.C. § 2310(d)(3)(B), the latter statute must be construed in the light of § 2310(d)(2)." 710 F.2d at 1033. We are not persuaded by the Fourth Circuit's reasoning, which relies on its determination that "'cost and expenses' should be read together, and . . . 'attorneys' fees' are an example of both." *Id.* at 1032. As the Fourth Circuit acknowledged, under an equally plain reading, attorneys' fees may be "expenses" and not "costs." *See id.* at 1033 n.9.

The strongest reason the Fourth Circuit provided to adopt its interpretation of the MMWA is the canon against superfluity. *See id.* at 1032. This canon guides us to "infer that Congress did not intend to make any portion of a statute superfluous." *In re Pangang Grp. Co.*, 901 F.3d 1046, 1056 (9th Cir. 2018). The Fourth Circuit explained that if attorneys' fees are included in the amount in controversy, the $25 individual claim limit in 15 U.S.C. § 2310(d)(3)(A) would be meaningless. *Saval*, 710 F.2d at 1032. Under our approach, however, attorneys' fees are included only when authorized by an underlying state statute. Thus, the $25 claim limit would still have meaning if the state statute underlying a plaintiff's MMWA claim does not provide for attorneys' fees.

Moreover, as the Fourth Circuit recognized, the text of the MMWA's $25 individual claim limit itself "does not exclude 'interests and costs' from the amount in

controversy." *Id.* at 1032 n.7. The Fourth Circuit did not contend with this difficulty, instead concluding that "[t]he omission must have been unintentional." *Id.* When interpreting an unclear statutory provision, we cannot simply assume an omission was "unintentional," particularly when that very omission tips the scale in favor of one interpretation over another. "It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result." *Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004) (quoting *United States v. Granderson*, 511 U.S. 39, 68 (1994) (Kennedy, J., concurring)).

We agree with the Fourth Circuit, however, that the MMWA's jurisdictional hurdles were meant "to restrict access to federal courts." *Saval*, 710 F.2d at 1033. Our statutory construction is consistent with that purpose. It will not allow "trivial or insignificant actions" to flood federal courts because the underlying state statutes must still authorize attorneys' fees. *Id.* at 1030 (quoting H.R. Rep. No. 93-1107 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7702, 7724). Moreover, "district courts are well equipped to determine . . . when a fee estimate is too speculative." *Fritsch*, 899 F.3d at 795. This case is a good example. Even if Shoner were statutorily entitled to attorneys' fees, such fees must still amount to approximately $48,734 before Shoner could bring his individual MMWA claim—at most, worth $1,266—to federal court.

Lastly, it is worth noting that at the time the MMWA was enacted in 1975, the amount-in-controversy requirement for federal diversity jurisdiction was $10,000. *See* Pub. L. No. 85-554, 72 Stat. 415 (1958) (raising the amount in controversy to $10,000); Pub. L. No. 100-702, 102 Stat. 4642 (1988) (raising the amount in controversy to $50,000). The MMWA has not been amended since its enactment, and

its amount-in-controversy requirement has remained $50,000.

## III.

We now consider whether Shoner can include attorneys' fees toward the MMWA's $50,000 jurisdictional threshold. The MMWA's amount in controversy is to be "computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Shoner's MMWA claim is premised on Carrier's alleged breach of express and implied warranties pursuant to Michigan law. Mich. Comp. Laws §§ 440.2313–14. Neither of these statutes grants a prevailing plaintiff attorneys' fees.

Nevertheless, Shoner contends he can recover attorneys' fees because he also asserted a Michigan Consumer Protection Act claim. Mich. Comp. Laws § 445.901 *et seq.* Even assuming Shoner's Consumer Protection Act claim is included in "all claims to be determined" in his lawsuit, Michigan's Consumer Protection Act makes clear that attorneys' fees are not available "in a class action." Mich. Comp. Laws § 445.911(2). Shoner brought his Consumer Protection Act claim as part of a putative class action, so he is not entitled to attorneys' fees under state law. *See Gavriles v. Verizon Wireless*, 194 F. Supp. 2d 674, 684 (E.D. Mich. 2002). Therefore, he cannot include attorneys' fees in the MMWA's amount in controversy. Shoner's state law claims do not allow him to recover attorneys' fees, so it appears to a legal certainty that his MMWA claim cannot meet the statutory threshold. *See Kelly*, 377 F.3d at 1037.

## CONCLUSION

The district court lacked jurisdiction to consider Shoner's MMWA claim on the merits. "If a federal court

lacked jurisdiction to decide an issue before it" we may exercise appellate jurisdiction to correct the error. *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998). Accordingly, we vacate the district court's judgment regarding Shoner's MMWA claim and remand with instructions to dismiss the claim for lack of subject matter jurisdiction. Costs on appeal are awarded to Appellee.

**VACATED and REMANDED with instructions to dismiss.**

---

KELLY, Circuit Judge, concurring in part and dissenting in part:

I concur that the district court lacked jurisdiction to consider Mr. Shoner's MMWA claim on the merits. I respectfully dissent from the court's conclusion that attorneys' fees available under state fee-shifting statutes may be included in the MMWA's $50,000.00 amount in controversy requirement under 15 U.S.C. § 2310(d)(3)(B). The parties' have not fully addressed this issue, and the court's holding is unnecessary. Mr. Shoner can neither plausibly allege that inclusion of attorneys' fees in the amount in controversy calculation would satisfy the jurisdictional minimum nor name 100 plaintiffs. *See* § 2310(d)(3)(B)–(C). Thus, the court need not resolve the issue. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004).

Additionally, notwithstanding the similar language of 28 U.S.C. § 1332(a) and (d)(2), I doubt that attorneys' fees were meant to be included in the amount in controversy calculation under the MMWA. Including attorneys' fees would render § 2310(d)(3)(A) superfluous. *Saval v. BL Ltd.*,

710 F.2d 1027, 1032 (4th Cir. 1983).  I am also unconvinced that "costs and expenses" in § 2310(d)(2) refer to distinct categories of expenditures as the terms are synonymous, *Cost*, Roget's II Thesaurus (expanded ed. 1998).  Moreover, the court's approach requires a court to consider state law remedies when § 2310(d)(2) provides for attorneys' fees.

Finally, I do not think that the Seventh Circuit has definitely decided this issue, as the court in *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014), only addressed the MMWA's amount in controversy requirement in a parenthetical, and the court in *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998), declined to reach the issue.  Our sibling circuits have concluded that attorneys' fees are not part of the amount in controversy requirement with good reason.  *See Saval*, 710 F.2d at 1032–33; *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004); *Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (per curiam).